No. 21,855.

THE STATE OF KANSAS, ex rel. L. C. KELLEY, as County At-
torney of Harvey County, *Appellee,* v. ROBERT MOULDS,
*Appellant,* et al.

### SYLLABUS BY THE COURT.

NUISANCE—*Hedge Fence in Highway—Evidence—Findings—True Loca-
tion of Highway.* The proceedings in an action to abate a nuisance
caused by hedge fences standing in a highway, examined, and *held,* a
finding of fact which determined the issue—true location of the high-
way—is sustained by abundant competent evidence.

Appeal from Harvey district court; FRANK F. PRIGG, judge.
Opinion filed March 12, 1921. Affirmed.

*Earl Blake, W. A. Ayers, W. H. Jones, W. A. Blake,* all of
Wichita, and *C. L. Foster,* of Sedgwick, for appellants.

*Richard J. Hopkins,* attorney-general, *Ashton E. Morgan,*
county attorney, and *Ezra Branine,* of Newton, for the appellee.

The opinion of the court was deliverd by

BURCH, J.: The action was one to abate a nuisance caused
by hedge fences standing in and overhanging a highway. The
plaintiff prevailed, and one of the defendants, Robert Moulds,
appeals.

Moulds owns the south half of the southeast quarter of sec-
tion 7, and Taylor owns the north half of the northeast quarter
of section 18, in the same township. Existence of a highway
sixty feet wide between the two tracts was not disputed, and
the controversy related to location of the highway.

About the year 1872, hedge fences were planted along the
north side of Taylor's land and along the south side of Mould's
land. The government cornerstone was then, as now, in place
at the southeast corner of Moulds' land, and he started his
fence 30 feet north of the stone. The government stone at the
southwest corner of Moulds' land was also in place, and his
fence ended 30 feet north of that stone. The Taylor hedge was
planted 30 feet south of the line marked by the two stones.
About the same time the owner of the northwest quarter of

section 18 established his hedge by the quarter cornerstone. About the same time a hedge between the northeast and northwest quarters of section 18 was planted, and the north end of that hedge was 30 feet south of the quarter cornerstone, and 60 feet south of the west end of Moulds' hedge. In 1879, the county surveyor, Knapp, made an unofficial survey for the owner of land adjoining Moulds' land on the west. Knapp set a stone some 25 or 26 feet south of the west end of Moulds' hedge, and Moulds then reset his hedge accordingly. In 1884, the county surveyor, Dawson, made an official survey. Notice was given, Moulds appeared, his testimony, with that of other witnesses, was taken, the survey was duly recorded, and no appeal was taken. Dawson found fragments of the government quarter cornerstone where it had originally stood, and set a stone on the spot to mark the true corner. There was much more evidence in the case. Moulds disputed some of the facts which have been stated, and in other respects the evidence was conflicting.

Moulds says the lines and corners in question have never been permanently established by any survey since the government survey. The court cannot accept the statement in the form and in the sense in which it is made, but will not debate the matter. The location of the road as ascertained by the district court coincides with the government survey. Moulds says the Knapp survey was correct. The statement merely presents the issue in the case, and the court found to the contrary. Moulds says surveyor Dawson ignored certain regulations which he should have observed in making his survey. If this were a survey case, the court would be well satisfied with the Dawson survey, but will not debate the matter. The survey afforded evidence which the court could properly consider. Moulds says the court's method of locating the quarter corner was erroneous. The method referred to was abandoned when it was found to be impracticable.

Moulds says the evidence failed to establish existence of a highway other than a highway by prescription, limited to the land between the two hedgerows. If so, the fact is not important. The answer stated expressly that the road along the section line between sections 7 and 18 was "laid out" about the year 1877, two years before the Knapp survey, and that the

road has been continuously used by the public ever since. The burden of the answer was that Moulds intended his hedge to be 30 feet north of the true line, that the Knapp survey correctly established the line, that the hedge was reset 30 feet north of .the line so established, and consequently that the hedge did not "interfere with the use of the said highway, or in any manner impede the public in proper use of the said highway." A second defense stated 'that "the true course of the said highway between sections 7 and 18 is unknown," and asked proper relief. The result is, existence of the highway was not an issue.

Some minor propositions are presented, but it is not necessary to discuss them. The controversy related to the true location of the quarter corner common to sections 7 and 18, the issue was one of fact, and the finding that the true corner is 30 feet north of the west end of the Taylor hedge is abundantly sustained by competent evidence.

The judgment of the district court is affirmed.